**BORDEN v. COMMISSIONER OF INTERNAL REVENUE.**

No. 98.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1939.

Sackett, Chapman, Brown & Cross, of New York City (Joseph A. Nickerson, of Scarsdale, N. Y., of counsel; J. Edgar Swanin, of New York City, on the brief), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order of the Board of Tax Appeals, assessing against the taxpayer, Borden, a deficiency in his income tax for the year 1932, by refusing to allow him a deduction for a theft claimed under § 23(e) (3) of the Revenue Act of 1932, 26 U.S.C.A. § 23. The facts were as follows. Sometime in 1925 or 1926 one, Coutant, became acquainted with Borden and insinuated himself into his confidence; among other things, he told him he was an attorney, living in Leavenworth, Kansas, who, although he had practically retired, took up special cases on occasion. Some years later he said that Borden's sister, who had died on November 1, 1930, had in his, Coutant's, judgment been improperly influenced in making her will, and that he thought that she had been mentally incompetent. Borden, thinking that the will might be invalidated for these reasons, and that he might get a share of the estate, which was substantial, told Coutant to go ahead and do what he could, and paid him $20,000 as a retainer in the year 1931. Before the year ended, he had, however, become suspicious, and retained another attorney to look into the matter, who during the first half of 1932 discovered that Coutant had been convicted of crime in Nebraska, that he was not an attorney at all, and that Borden had been defrauded. The question is whether the loss, which for the purpose of argument may be assumed to be a proper deduction under § 23(e) (3) of the Act of 1932, 26 U.S.C.A. § 23, should have been claimed in the year 1931 when Borden did not claim it, or in 1932 when he did.

The theft occurred in 1931, when Coutant got the money by fraud; the situation was within § 1290, subd. 1 of the New York Penal Law, Consol.Laws, c. 40, which

indeed alone made the crime a theft at all. Borden seeks to avoid this conclusion by recourse to § 1307 of the Penal Law, which provides that "the fact that the defendant intended to restore the· property stolen or embezzled, is no ground of defense * * * if it has not been restored before complaint to a magistrate". Coutant never meant to restore the money; it was a retainer, paid to him as his own, intended for him to keep. He was not a disloyal trustee who expected to make good a defalcation, but an ordinary rogue who meant to˙disappear with his loot before he was detected; at least Borden, who had the burden, has not shown the contrary. These considerations would indeed dispose of the case, even if the fraud had not been discovered until it was too late to get a refund for 1931; but that argument, whatever it may be worth, is met by the fact that Borden learned everything probably by March 15, 1932, when his return for 1931 was due, but in any case in ample season to get a refund, if he had already paid his tax for that year.

Order affirmed.