THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALDINE FELMERE, Relator, against WILLIAM E. RAPP, as Chief of Police of the City of Syracuse, New York, Respondent.*

Supreme Court, Onondaga County, November 1, 1943.

---

* See, also, *People ex rel. Carr* v. *Martin,* 261 App. Div. 865, revd. on other grounds, 286 N. Y. 27, and *People ex rel. Troare* v. *McClelland,* 146 Misc. 545. Cf. *People (Rossiter)* v. *Rossiter,* 173 Misc. 268.— [REP.

*R. J. Shanahan* and *P. R. Shanahan* for relator.

*Donald M. Mawhinney, District Attorney,* for respondent.

CREGG, J. The relator herein was arrested in the city of Syracuse on the 26th day of October, 1943, on a warrant which was issued by the Justice of Police Court of the City of Albany. It charged the relator with grand larceny, in violation of subdivision 3 of section 1294 of the Penal Law of this State, in that on the 25th day of October, 1943, in the city of Albany, she knowingly and unlawfully appropriated to her own use money and property which belonged to Earl Felmere. The property claimed to have been stolen consisted of $11,700 in cash and a diamond ring valued at $4,500.

Upon the return day of this writ the relator produced a marriage certificate which purported to show that she was married to the complainant a long time before the alleged larceny took place. She claimed she was his lawful wife, residing with him at the time of the alleged larceny and that she was unlawfully detained.

Upon the argument the District Attorney admitted and conceded that complainant and relator were husband and wife and living together at the time of the alleged larceny.

So the sole question presented and to be decided in passing upon the writ is: Can a wife be held to be guilty of larceny by taking and appropriating to her own use property of her husband without his consent?

I realize that the various statutes of this State have so changed the civil status of husband and wife that very few vestiges of the common-law concept of the unity remain. It was upon these common-law concepts that the conclusion was based that neither husband nor wife was guilty of a crime by appropriating the property of the other.

In my judgment the common-law rule that a wife cannot commit larceny by appropriating her husband's property rests not alone upon the doctrine that his property and possessions are hers but upon the sacred unity of husband and wife which the marriage created.

I am unable to find any statute of this State that makes it a crime for a wife to appropriate her husband's property for her own use. I doubt that any member of the Legislature had it in mind when he voted for the various statutes regulating and fixing the legal status of husband and wife. No such intention can be read into any statute that has been called to my attention.

It may well be that the equities in the case are with the People of the State of New York but the relator has not committed the crime charged. Her release is granted.