THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN J. MATTIELLO, Defendant.

City Court of New Rochelle, November 13, 1951.

*George J. Todaro* for defendant.

*Edward E. Bianco* for Dorothy J. Mattiello, complainant.

FASSO, J. This is a criminal proceeding by the People of the State of New York, on the complaint of Dorothy J. Mattiello, in which she charges her husband, John J. Mattiello, with grand larceny in the first degree. The complaint alleges that the defendant feloniously took, stole and carried away a 1950 Cadillac convertible automobile of the value of approximately $4,000 from the grounds of the Wykagyl Country Club, where the complainant resides.

The attorney for the defendant has moved for a dismissal of the charge upon the theory that a husband, as a matter of

law, may not be guilty of the crime of larceny on the complaint of the wife.

It is well established that at common law neither a husband nor wife could commit larceny from the other. The question now arises, however, whether or not this principle is the law in our State today.

There are two avenues of approach to this very interesting question.

One view, which follows the common-law rule, is that a husband and wife may not be held criminally liable for larceny upon the concept that a husband and wife are one and, therefore, it is impossible for a larceny to occur, for a larceny is the theft of property of a person by another person. There are cases that uphold this view. (*People ex rel. Felmere* v. *Rapp,* 180 Misc. 839; *People ex rel. Troare* v. *McClelland,* 146 Misc. 545.)

The other approach is based upon the realization that a husband and wife may separately own property of any kind. Section 50 of the Domestic Relations Law of the State of New York specifically provides that a married woman may acquire property and hold it as her sole and private property as if she were unmarried.

Which of the two views should be adopted?

The law should reflect, where possible, the times and conditions under which we live. Married women today have property rights as important as those of their husbands. The statutes of our State have accorded to married women the right of sole and exclusive ownership of both real and personal property. Therefore, if justice is to prevail, there should be a parity between husband and wife as to rights and obligations. Implicit in this grant of rights to married women is a grant of all the protection afforded by the laws relative to ownership of property. Among such laws is the Penal Law of New York State which makes it a crime for one person to steal property from another person. The common-law rule is based upon a fiction now practically extinct and to some extent upon the limited rights afforded to women in an age long since passed. Logic, realism, and the economics of our day support the view that a married woman may not only own property individually and separately from the husband, but, as the owner of property, is entitled to all the protection that the various laws extend to all other individuals.

In view of the foregoing, the motion to dismiss the information is denied and the case is set down for November 21, 1951, for **hearing.**