### UNGAR v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 188, Docket 22497.

United States Court of Appeals
Second Circuit.

Argued April 8, 1953.

Decided May 5, 1953.

---

Nathaniel Rothstein, New York City, for petitioner.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Louise Foster, Special Assts. to the Atty. Gen., argued by James Q. Riordan, Washington, D. C., for respondent.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

SWAN, Chief Judge.

The sole question presented by this appeal is whether the Tax Court erred in disallowing a deduction of $9,000 claimed by the taxpayer as a loss sustained during the taxable year 1948 "from theft." 26 U.S. C.A. § 23(e) (3).

The facts are not in dispute. In summary the story they disclose is the following: While the taxpayer was in overseas military service his wife took property of his worth $9,000 and ran off with another man, leaving a letter telling him that he would never again see her or the property. This letter he received on his return in 1946. He did not, and could not, claim in that year a loss "from theft" because New York recognizes the common law doctrine that a wife who takes her husband's property without his consent does not commit larceny or embezzlement and the Tax Court has applied this rule with respect to a deduction claimed under section 23(e) (3).[1] Neither the taxpayer nor the Police, to whom he complained, have been able to locate the wife or the missing property. In 1948 he obtained a decree annulling his marriage. He then claimed the deduction on the theory that the loss from theft occurred in that year.[2] The Tax Court, in sustaining the Commissioner's denial of the claimed deduction, stated that the taxpayer had failed to show that his former wife "was alive or, if alive, was still holding the property at the time of the annulment."

1. People ex rel. Troare v. McClelland, 146 Misc. 545, 263 N.Y.S. 403; People ex rel. Felmere v. Rapp, 180 Misc. 839, 44 N.Y. S.2d 410; Tyler v. Commissioner, 13 T.C. 186.

2. Section 1290 of the New York Penal Law, McK.Consol.Laws, c. 40, provides: "A person who, with the intent to deprive or defraud another of the use and benefit of property or to appropriate the same to the use of the taker, or of any other person other than the true owner, wrongfully takes, obtains or withholds, by any means whatever, from the possession of the true owner or of any other person * * * personal property * * * steals such property and is guilty of larceny."

■ In seeking reversal of the decision the taxpayer argues that the Tax Court failed to consider two "all important" presumptions: (1) that the wife, alive when she wrote the letter, is presumed to continue to remain alive until after the marriage annulment in 1948;[3] and (2) that a person is presumed to remain in possession of property of which he is shown to have been in possession at one time.[4] But the presumption of the continuance of life does not require an inference that an absconding wife continued to live in the state where she was living when she left her husband. Unless she was within the state of New York after the annulment of her marriage, the New York law could not make her "withholding" of the property a larceny, even if it be assumed that continued possession of the property would be deemed a "withholding" of it without any demand by the husband for its return. And the presumption of continuing possession does not include an inference that the wife continued to possess it within the state of New York, particularly when she took possession with the purpose of running away with her paramour and may well have expended the property or its proceeds before annulment of the marriage.

■ But regardless of presumptions, which we have discussed merely because the appellant contends that the Tax Court gave them inadequate consideration, there is another and conclusive reason why the taxpayer may not take the deduction in 1948. Section 23 requires that the loss be "sustained during the taxable year". This is emphasized in § 29.23(e)–1 of Treasury Regulations III which declares: "In general losses for which an amount may be deducted from gross income must be * * * actually sustained during the taxable period for which allowed. Substance and not mere form will govern in determining deductible losses * * *". The taxpayer actually sustained the loss when his property was taken, that is, in 1946 or earlier.[5] That the loss was not then a

deductible loss is irrelevant to a determination of the year when it was sustained. Having already been sustained the loss was not suffered again in a later year, and would not then became deductible, even if subsequent events should make the taker's failure to return the property at that time a larceny. Substance and not form govern deductions.

Decision affirmed.

3. In re Shupack's Estate, 158 Misc. 873, 287 N.Y.S. 184, 204.

4. 31 C.J.S. Evidence, § 124, page 743.

5. Cf. Borden v. Commissioner, 2 Cir., 101 F.2d 44.