Raymond Wilson, Jr. v. Commissioner.
Wilson v. Commissioner
Docket No. 83775.
United States Tax Court
T.C. Memo 1961-298; 1961 Tax Ct. Memo LEXIS 53; 20 T.C.M. (CCH) 1540; T.C.M. (RIA) 61298; October 27, 1961
*53 Petitioner failed to prove he provided more than one-half the support of his two children, who were living with his former wife, and is not entitled to dependency exemptions for them for the year 1957. Louis Steinberg, Esq., and Richard H. Steinberg, Esq., for the petitioner. Raoul E. Paradis, Esq., for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the taxable year 1957 in the amount of $264. The only issue is whether petitioner is entitled to dependency exemptions for his two children for the year 1957. *54 Findings of Fact Some of the facts have been stipulated and are found as stipulated. Petitioner was a resident of East HartfordConnecticut, during the year 1957. He filed his Federal income tax return for the calendar year 1957 with the district director of internal revenue, Boston, Massachusetts. On November 29, 1950, the Norfolk County Probate Court, Commonwealth of Massachusetts, entered a decree nisi granting Virginia J. Wilson (hereinafter referred to as Virginia) a divorce from petitioner. The decree gave Virginia care and custody of their minor sons, Raymond Wilson III, then aged 2, and Frank Dana Wilson, then only a few months old. The court also ordered that petitioner pay Virginia $25 per week toward the support of the children. On February 21, 1951, the court reduced the support order to $16 per week. During the year 1957, petitioner made weekly payments $16of per week ( $832 throughout the year) to Virginia toward the support of the two children. The children resided with their mother in an apartment at 1177 Washington Street, West Newton. Massachusetts, for 6 months and at 1 Walnut Terrace, Newtonville, Massachusettes, for the remaining 6 months of 1957. *55 Petitioner had not seen his children since 1952. In 1957, Virginia was employed full time by the Clarkson Engineering Company, earning approximately $65 per week, or approximately $3,380 per year. During the year 1957, Virginia expended not less than $2,000 for the support and maintenance of the two children. Included in this amount was $832 received by Virginia from petitioner. In addition, Frank J. Murphy (hereinafter referred to as Murphy), father of Virginia, also contributed to the support of the two children during 1957. He completely clothed them, paid their expenses for school, medical and dental care, and haircuts. He provided their church contribution money, fed and entertained them on weekends in his home, took them for drives and to an occasional movie, and sent one grandson to YMCA camp during the summer of 1957 for which he paid $50. During the taxable year 1957 the total cost for support of the two children in question was not less than $2,500. Petitioner's tax return for 1957 reported adjusted gross income of $4,745.10 and petitioner claimed a dependency exemption for each of the two children. Virginia also claimed dependency exemptions for their two sons on *56 her separate income tax return for 1957. Respondent determined that petitioner was not entitled to the claimed dependency exemptions for the year 1957. Petitioner has failed to prove that he furnished over one-half of the total support of his children, Raymond Wilson III and Frank Wilson, during the year 1957. Opinion To be entitled to dependency exemptions for his two children, petitioner must prove that he furnished more than one-half of their support during the year 1957. Secs. 151 and 152, I.R.C. 1954; Bernard C. Rivers, 33 T.C. 935 (1960). Respondent does not question the amount of support furnished by petitioner, it being $16 per week, or $832 during the year. But petitioner must also prove the total cost of supporting the children during the year in order to prove that he furnished more than one-half thereof. James H. Fitzner, 31 T.C. 1252 (1959). Petitioner had not seen his children since 1952 and had very little idea what the cost of their support might be in 1957. It is recognized that petitioner's task is difficult under such circumstances; but such difficulty does not relieve petitioner of his burden of proof. *57 Burnet v. Houston, 283 U.S. 223 (1931); George Ungar, 18 T.C. 688 (1952), affd. 204 F. 2d 322 (C.A. 2, 1953). However, the Court's task is made easier here, where we have the testimony of the person who had custody of the children and paid the bills. Petitioner's evidence to prove the total cost of supporting the children consisted of his own estimate based on what it cost him to support his wife and their 2-year-old son, Raymond III, in 1 month during 1950 prior to the divorce, and the fact that the divorce decree required him to pay only $25 per week for the support of the children in 1950, which was reduced to $16 per week in 1951. It appears that the amount of support ordered by the court was reduced to $16 in 1951 at petitioner's request, and over Virginia's objection, because petitioner had just lost his job, and this fact could be given very little weight in determining the actual cost of support of the children even in 1951. And it is also obvious that the cost of supporting a 2-year-old child in a suburban area in 1950, when the mother was not working and was at home to care for the child, is hardly a worthy basis for even estimating *58 the cost of supporting two children, 7 and 9 years old living in the city with their mother who was working and had to employ someone to care for the children in 1957. The cost of feeding and clothing the children when they were older and sending them to school, as well as the prices for food, clothing, etc., might have differed so much at the different times and under the different circumstances as to make such a basis for an estimate, without more, entirely unrealistic and unreliable. Virginia testified for respondent that she estimated she paid $2,499 for the support of the two children during the year 1957, plus some incidentals. Virginia's estimate was not substantiated by documentary evidence and her estimate may be high in view of the fact that her salary was approximately $3,380, she received $832 from petitioner, and her only source of income was $520 which she received toward the suport of a third child, not here involved, for the total receipts of $4,732. However, her testimony was uncontradicted and her estimate is certainly entitled to as much weight as petitioner's estimate. Compare Aaron F. Vance, 36 T.C. 547 (June 20, 1961). Furthermore, it is reasonable *59 to assume, and we have found as a fact, that she spent not less than $2,000 of the above total for the support of the two children. Had she spent only $1,700, or a little more than one-third of her total receipts, for support of the two children, petitioner would not be entitled to the exemptions. In addition to the amounts spent by Virginia, her father testified that he spent about $950 toward the support of the two children during 1957. While all of the amounts spent by Murphy may not have been for "necessities" and may not have been spent by petitioner had the children been living with him, we think the measure of a dependent's support is what is actually paid for items that may properly be included in the meaning of the term "support," not what might have been spent under a different standard of living; and certainly, amounts paid for ordinary clothing, haircuts, medical and dental services, and some of the other miscellaneous items paid for by Murphy would constitute payments for "support" of the children. Sec. 1.152-1(a)(2), Income Tax Regs. Compare Bernard C. Rivers, supra, where the cost of sending a child to parochial schools was held *60 to be part of support, and Thomas Lovett, 18 T.C. 477 (1952), where this Court held that support includes the amount paid by a mother to others to care for her children while she was working. Based on a consideration of all the evidence presented, we have found that petitioner has failed to prove that he provided more than one-half the support of his two children in 1957. Decision will be entered for the respondent.