Ted R. Pape and J. R. Pape v. Commissioner.
Pape v. Commissioner
Docket Nos. 1565-62, 477-63.
United States Tax Court
T.C. Memo 1964-293; 1964 Tax Ct. Memo LEXIS 46; 23 T.C.M. (CCH) 1803; T.C.M. (RIA) 64293; November 10, 1964
*46 Held, that petitioners have failed to establish that they furnished during the taxable years 1959 and 1960, over half of the support of three minor children of petitioner Ted R. Pape by a prior marriage; and accordingly, they are not entitled to deductions for dependency exemptions under sections 151(e) and 152(a), I.R.C. 1954, with respect to these children for said years. Ted R. Pape, pro se, 7234 S.E. 27th St., Mercer Island, Wash. Walter John Howard, Jr., for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The Commissioner determined deficiencies in the income taxes of petitioners for the years 1959 and 1960 in the respective amounts of $396 and $726. Petitioners have *47 conceded that they are not entitled to a claimed deduction for additional first year depreciation in 1960 with respect to certain rental property. The only issue for our decision is whether petitioners are entitled to deductions for dependency exemptions for the years 1959 and 1960 with respect to three minor children of petitioner Ted R. Pape by a prior marriage. The cases were consolidated for trial. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and the exhibits identified therein are incorporated herein by reference. Ted R. Pape (referred to herein as "petitioner") and Jocelyn R. Pape are husband and wife residing at Mercer Island, Washington. Their joint income tax returns for the calendar years 1959 and 1960 were filed with the district director of internal revenue, Tacoma, Washington. Petitioner and Doris Ann Davey, referred to herein as "Doris," were married in 1944. Three children were born of this marriage: Catherine in 1946, Donald in 1948, and Douglas in 1953. Petitioner and Doris were divorced on August 23, 1955. The decree of divorce provided that Doris was to have custody of the three children and that petitioner was to have *48 reasonable visitation rights. The decree further provided that: [The] Plaintiff [Doris] have and she is hereby awarded judgment against the defendant [petitioner] in the sum of $175.00 per month for the support, care and maintenance of the minor children of the parties for a period of six months after the entry of this decree, and that thereafter the sum of $200.00 per month for said care, support and maintenance; said payments to be reduced in the sum of $50.00 per month as each child reaches its majority, becomes self supporting or marries, whichever contingency first occurs, and said sum shall cease entirely upon one of the contingencies above set forth happening to all of said children; first payment to be made on or before the 6th day of September, 1955, and subsequent payments on or before the 6th day of each and every month thereafter. Petitioner married Jocelyn Bell, his present wife and a petitioner herein, on November 1, 1956. They are the parents of four children: Christine, Timothy, Andrea, and Jeromy. Doris married Charles G. Bon Eske in August 1958. Catherine, Donald and Douglas resided with Doris throughout the years in question, except for a period of three *49 weeks in 1958 and brief visits with petitioner at other times. During 1959 and 1960 the Bon Eskes lived in Tacoma, Washington; La Jolla, California; Spokane, Washington; and in November 1960 moved to Cape Canaveral (Cape Kennedy), Florida. At the time of trial herein they resided in Huntsville, Alabama. Petitioner paid Doris $2,400 in 1959 and $2,000 in 1960 for the support of Catherine, Donald and Douglas as required by the terms of the divorce decree set forth above. These are the only amounts spent by petitioner for the support of Catherine, Donald and Douglas. The evidence of record does not establish the total amount spent for their support during the years 1959 and 1960. Both the petitioners and the Bon Eskes have claimed Catherine, Donald and Douglas as exemptions on their respective income tax returns for both 1959 and 1960. The Commissioner has determined that petitioners are not entitled to the claimed dependency exemptions for Catherine, Donald and Douglas, on the ground that petitioners failed to establish that they contributed more than one-half of the support of the three children during 1959 and 1960. Opinion Petitioners claim that they are entitled to the dependency *50 exemptions for the years 1959 and 1960 for Catherine, Donald and Douglas under sections 151(e) and 152(a) of the Internal Revenue Code of 1954. Petitioners have the burden of proving that they contributed more than one-half of the dollar value of the support of the three children in order to be entitled to the claimed exemptions. Hazel Newman, 28 T.C. 550. The record is clear as to the support furnished by petitioners: $2,400 in 1959, and $2,000 in 1960. But the record is devoid of evidence as to the amounts expended for the support of the children by their mother, Doris Bon Eske, and her present husband. Thus, we have stated in our Findings of Fact that the evidence does not establish the total amount spent for the children's support in 1959 and 1960. Since we do not know this total amount, we do not know whether the amounts furnished by the petitioners are more than half thereof. Petitioner has been handicapped in meeting his burden of proof because the Bon Eskes moved to Huntsville, Alabama, prior to the trial herein. Petitioner has given us his estimates of what the total support was for each of the three children, based on his own experience *51 in raising the children of his present marriage and the experience of the welfare departments of the States of California and Washington in welfare cases involving children receiving state aid. However, these estimates are not persuasive proof of the total amounts actually expended for the support of the particular children here involved. While we sympathize with the difficulties facing petitioner in trying to prove the total support of the children, impossibility of proof does not help him where he has the burden of proof. Cf. George Ungar, 18 T.C. 688, affd. 204 F. 2d 322, (C.A. 2). We hold that petitioners have failed to establish that they furnished over half of the support of Catherine, Donald and Douglas. Accordingly, we sustain the respondent's presumptively correct determination that petitioners are not entitled to the claimed deductions for dependency exemptions with respect to these children for 1959 and 1960. Decisions will be entered for the respondent.