MARY ALICE DENARDO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Nardo v. Commissioner
Docket No. 23124-83.
United States Tax Court
T.C. Memo 1984-474; 1984 Tax Ct. Memo LEXIS 200; 48 T.C.M. (CCH) 1049; T.C.M. (RIA) 84474; September 5, 1984. Mary Alice DeNardo, pro se. Michael P. Breton, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) [1] and General Order No. 8 of this Court, 81 T.C. XXIII (1983). After a review of the record, the Court agrees with and adopts his opinion which is set forth below. *201 OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $6,147. Petitioner resided in Los Altos Hills, California at the time her petition was filed in this case. The only issue for decision is whether petitioner incurred a casualty loss during 1980. On August 9, 1979, an earthquake occurred which caused damage to petitioner's residence in Los Altos Hills, California. The damage was evidenced by a crack running around the base of the house approximately one foot above the ground level. In addition, the chimney separated approximately three inches from the house at the roof line, a crack appeared in an inside hallway, and several bricks fell from the front of the house. This damage was discovered immediately after the earthquake occurred. In 1980 petitioner determined additional damage to her residence. The beams which supported the living room, two bedrooms, and a master bathroom fractured causing that portion of the house to sink. As a result, the living room floor became slanted and springy. Also, one side of the double door to the front entrance sank two to *202 three inches. The damage to petitioner's house was not covered by insurance. Petitioner claimed a casualty loss in the amount of $14,900 on her 1979 Federal income tax return and $22,060 on her 1980 Federal income tax return. Petitioner deducted the additional loss on her 1980 Federal income tax return claiming she had sustained two separate losses because the damage from the earthquake occurred in two stages during 1979 and 1980. First, the damage in 1979 was due to the initial shock from the earthquake. Second, the damage in 1980 was due to an aftershock from the same earthquake. [2]
Respondent has not challenged petitioner's contention that her residence was damaged as a result of the earthquake nor the amount of the damage. Respondent contends, however, that the damage caused by the earthquake occurred in 1979 and was fully ascertainable in 1979 and is, therefore, deductible in 1979. Respondent disputes petitioner's position *203 that there was additional damage to the residence by reason of an aftershock from the earthquake which occurred in 1980. Losses are usually deductible in the year in which they are sustained, not in the year of their ascertainment. Sections 1.165-1(d)(1) and 1.165-7(a)(1), Income Tax Regs.; Borden v. Commissioner,101 F.2d 44 (2d Cir. 1939), affg. a memorandum opinion of this Court dated March 11, 1938; Kunsman v. Commissioner,49 T.C. 62, 68 (1967). If the loss occurred in a year not properly before the Court, we are barred from addressing the merits of the casualty loss deduction. Section 6214(b). See Katz v. Commissioner,T.C. Memo. 1983-8. Where the extent of the loss by its nature cannot be determined until a subsequent year, the Court has allowed a casualty loss deduction to be postponed until such year. Thalhimer Brothers, Inc. v. Commissioner,27 T.C. 733, 739 (1957). Petitioner argues that the loss in 1980 was due to an aftershock from the 1979 earthquake and the extremely wet condition of the soil caused by heavy rains. Petitioner reasons that the damage was the result of an aftershock during 1980 *204 based on her observation of a fault line on one of her neighbor's property and a crack in the road leading to another neighbor's property. Petitioner contends there can be no other explanation. Petitioner further contends that aftershocks are not uncommon after a major earthquake and can cause damage. Petitioner explains the damage from the aftershock was undoubtedly greater than normal in her case because of the poor condition of the soil caused by heavy rains in 1980. Respondent offered the testimony of an expert witness to support his position that there was no damage from the earthquake in 1980. Respondent's expert witness, Dr. Robert A. Uhrhammer, is a research seismologist at the University of California seismographic station, Berkely, California. Dr. Uhrhammer's primary duties at the station are to analyze the 15 to 20 earthquakes which occur each day and to study their effect on the earth's structure. Dr. Uhrhammer analyzed the Coytoe Lake earthquake which occurred on August 6, 1979. This earthquake was responsible for the damage to petitioner's residence. The earthquake occurred approximately 40 miles southeast of Los Altos Hills, the neighborhood where petitioner *205 lived. Based on the data collected by the seismographic station, there were 31 aftershocks during the ten days following the Coyote Lake earthquake. The largest aftershock occurred about five hours after the main shock and there were no aftershocks which occurred in 1980. Based on the fact that the magnitude of the largest aftershock was 4.4 on the Richter Scale, it was not large enough to cause any damage beyond a 15 or 20 mile radius from the epicenter of the earthquake. Since petitioner's residence was 40 miles from the epicenter of the earthquake, we can only conclude there was no damage to petitioner's residence during 1980 from the Coyote Lake earthquake or its aftershocks. Accordingly, petitioner is not entitled to a casualty loss deduction for 1980. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner does not contend, and offered no evidence to show, that the damage was due to the 1979 earthquake, but was not discovered until 1980. The burden of proof on such a theory would rest with petitioner, and she had not carried that burden.↩