The record does not establish any violation of section 385 of the Code of Criminal Procedure. (Cf. *People* v. *Elliott*, 66 App. Div. 179, affd. 172 N. Y. 146.) We are of the opinion, also, that the court's charge as to the effect to be given character evidence was in substantial compliance with the rule stated in *People* v. *Trimarchi* (231 N. Y. 263, 266). In any event, there was no exception to that instruction; and even if it be assumed that it was erroneous, a new trial is not necessitated under section 527 of the Code of Criminal Procedure, as defendant's guilt was established beyond a reasonable doubt. (Cf. *People* v. *Robbins*, 278 App. Div. 592, affd. 302 N. Y. 885.) The other claims of error advanced by defendant have been examined and are similarly without merit. Present — Nolan, P. J., Carswell, Adel, Wenzel and Mac-Crate, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE W. SCHLICTER, Appellant.—

The record does not establish any violation of section 385 of the Code of Criminal Procedure. (Cf. *People* v. *Elliott*, 66 App. Div. 179, affd. 172 N. Y. 146.) We are of the opinion that defendant's guilt was proved beyond a reasonable doubt and that the claims of error advanced by him are without merit. Present — Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ.

FRANK QUINTANA, Appellant, v. AMERICAN EXPORT LINES, INC., Respondent.

In our opinion, the action should not have been deferred for more than three years. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.