Morris Kraskow v. Commissioner. *
Kraskow v. Commissioner
Docket No. 1683-62.
United States Tax Court
T.C. Memo 1964-234; 1964 Tax Ct. Memo LEXIS 101; 23 T.C.M. (CCH) 1414; T.C.M. (RIA) 64234; September 9, 1964
Murray Miller, for the petitioner. Lionel Savadove, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion
*102 MULRONEY, Judge: The respondent determined deficiencies in petitioner's income tax for the calendar years 1957 and 1958, as follows: Year
Deficiency
1957
$626.80
1958
661.96
Certain adjustments having been conceded, the issues remaining for decision are: (1) whether petitioner is entitled to alimony deductions for 1957 and 1958; and, if not, (2) whether petitioner is entitled to dependency exemptions for each of his three children for 1957 and 1958. Findings of Fact The stipulated facts are hereby found accordingly. Petitioner Morris Kraskow resides at 1635 East 21st Street, Brooklyn, New York. His income tax returns for 1957 and 1958 were filed with the district director of internal revenue, Brooklyn, New York. Petitioner and Molly Kraskow (hereinafter sometimes referred to as Molly) were married in 1942. The issue of the marriage and their ages in 1957 are: Eleanor
15 years
Karen
11 years
Tina
10 years
In 1951, Molly instituted an action against petitioner in the Supreme Court of the State of New York, County of Bronx, for a separation. Her attorney in said action was Harry Cohen. The following is a partial transcript of proceedings *103 in said action on May 23, 1952: MR. COHEN: It is hereby stipulated that this cause of action be marked off the calendar on the following terms and conditions: FIRST: That the parties will continue to live separate and apart from each other without molestation and interference from each other. SECOND: That the defendant will pay to the plaintiff the sum of $50.00 per week as and for the support of the plaintiff and the infant children, the issue of the marriage, on Wednesday of each week, commencing on Wednesday, May 28th, 1952. THIRD: That all accumulations of alimony due in arrears at this time are hereby waived. FOURTH: And it is further agreed that the balance of plaintiff's counsel fee in the sum of $175.00 be adjusted to the sum of $75.00 to be paid within one month hereof. FIFTH: That the children, issue of the marriage, will continue to remain in the custody of the plaintiff herein. SIXTH: That the defendant husband shall have the right of visitation on Wednesdays and Saturdays as is now provided for in the order of Honorable Aaron J. Levy heretofore made. SEVENTH: In the event of illness of any of the children or for such emergency the defendant shall be immediately *104 notified and shall have the right to visit such child or children during such illness or period of emergency. EIGHTH: It is further stipulated that in the event of a failure to comply with the provisions hereof by either party that the aggrived [aggrieve] party shall have the right to restore the case to the calendar for trial on seven days' notice by mail at the addresses stated herein and their respective attorneys. * * *
ELEVENTH: The plaintiff's address is: 1536 Lexington Avenue, New York 29, N. Y. The defendant's address is: 323 Dahill Road, Brooklyn 18, New York. THE COURT: The case is marked off pursuant to the stipulation on the record. It is stipulated that the action was discontinued by Molly in 1957 but that the terms and conditions set forth in the above stipulation were in effect during 1957 and 1958. Pursuant to the terms and conditions of the oral stipulation of May 23, 1952, petitioner paid Molly the sums of $2,600 in 1957 and $2,600 in 1958. From January through June 1957 Eleanor attended the Manumet School in Pennsylvania. At all other times during 1957 and 1958, with the exception of seven weeks each summer during which they attended camp, the children *105 lived with Molly. During 1957 Molly had expenditures for each child, as follows: Eleanor
Karen
Tina
Food, rent, and telephone
$ 702.45
$ 702.45
$ 702.45
School expenses
650.00
30.00
30.00
School lunches and snacks
20.00
40.00
40.00
Haircuts
8.33
8.33
8.33
Laundry and soap
20.00
20.00
20.00
Clothing
166.66
166.66
166.66
Drugs and medicines
16.33
16.33
16.33
Medical care
183.33
33.33
33.33
Dental care
20.00
20.00
20.00
Eyeglasses
7.45
7.45
7.45
Orthopedic shoe corrections
12.50
12.50
Supervisory and nursing care for children
200.00
200.00
200.00
Memberships, recreational and cultural
expenses
15.33
15.33
15.33
Camp for 7 weeks
164.00
164.00
164.00
Total
$2,173.88
$1,436.38
$1,436.38
In addition to $650the furnished Molly during the year for the support of each child, petitioner expended the following amounts in 1957 Eleanor
Karen
Tina
Allowance
$ 26
$ 52
$ 26
Clothing
21
21
21
Birthday gifts
20
20
20
Meals
22
44
44
Entertainment
15
30
30
Treats
15
30
30
Total $119 $197 $171
Petitioner normally visited the children on Wednesdays and Saturdays *106 during 1957 and 1958. Petitioner took the children out to dinner approximately once every other week, except during the summer when they were at camp. At all other times the children had dinner with Molly subsequent to petitioner's visits. Petitioner took the children to places of entertainment six to eight times a year. During 1958 Molly had expenditures for each child as follows: Eleanor
Karen
Tina
Rent
$ 246.76
$ 246.76
$ 246.76
Unusual maintenance charges
2.50
2.50
2.50
Telephone
40.00
40.00
40.00
Food
495.00
495.00
495.00
Camp for 7 weeks
281.77
281.77
281.77
Supervisory care
93.00
93.00
93.00
Medical care
69.09
69.09
61.09
Glasses
10.00
10.00
10.00
Orthopedic shoes
12.36
12.36
Dental care
25.33
25.33
25.33
Transportation and phone calls to doctors
7.83
11.03
11.03
Birthday parties and presents
70.00
40.00
40.00
Haircuts (including transportation and
phone calls)
4.27
4.27
4.27
Laundry and soap
23.33
23.33
23.33
Clothing
200.00
200.00
200.00
School expenses
39.33
39.33
39.33
School lunches and snacks
33.33
33.33
33.33
School fares
6.66
6.66
6.66
Memberships at Bronx Y (including trans-
portation)
25.00
25.00
25.00
Cultural and recreational expenses
33.00
33.00
33.00
Music lessons
36.00
Allowances
52.00
39.00
26.00
Incidentals
35.33
35.33
35.33
Total
$1,793.53
$1,802.09
$1,745.09
*107 In addition to the $650 furnished Molly during the year for the support of each child, petitioner expended the following amounts in 1958: Eleanor
Karen
Tina
Allowance
$ 52
$ 52
$ 26
Clothing
21
21
21
Birthday gifts
35
25
25
Meals
44
44
44
Entertainment
30
30
30
Treats
30
30
30
Total $212 $202 $176
In his income tax returns for the years 1957 and 1958, petitioner claimed dependency exemptions for his three children which respondent, in his notice of deficiency disallowed "for the reason that you have failed to establish that you have furnished over one-half of their total support" for said years. Petitioner contributed over half of the total support of Karen and Tina during 1957 and did not contribute over half of the total support of any of the three children for 1958. Opinion Petitioner took no deduction in his income tax returns for the amounts paid to his wife as alimony payments. However, in his petition he contends the $2,600 a year he paid his wife in 1957 and 1958 would be properly deductible in determining his taxable income for said years. On brief he argues the payments he made to his wife during 1957 and *108 1958 "were deductible by him and taxable to the wife" - presumably under sections 71 and 215 of the Internal Revenue Code of 1954. [1] In general, section 215 allows a husband a deduction for "amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year." Section 71(a) provides that if a wife is "divorced or legally separated from her husband" (sec. 71(a)(1)); or "is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title" (sec. 71(a)(2)); or is separated from her husband and there is a "decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance" (sec. 71(a)(3)); then the wife's gross income shall include certain payments received pursuant to the decrees or agreements for support. Petitioner can only prevail in this portion of his case if he can show the $2,600 he paid his wife annually was properly includable in her gross income under one or more of the three subsections *109 of section 71(a). He does not tell us on which subsection he relies. Obviously, section 71(a)(3) requiring a decree entered after March 1, 1954 would not apply. Subsection (a)(1) requires the existence of a divorce or legal separation. It would not apply here for the record shows there was no divorce or legal separation. Charles M. Hendricks, 30 T.C. 1303. Section 71(a)(2) requires "a written separation agreement executed after the date of the enactment of this title" or August 16, 1954. All that we have here is a portion of the transcript of what occurred in the separation action brought by petitioner's wife. It shows dictation into the record by her attorney of what he states to be, stipulated "terms and conditions" for marking the action off the calendar and the court's statement to the effect that "[the] case is marked off pursuant to the stipulation on the record." Such procedure seems to be no more than a court order dropping the case from the trial calendar with the right of either party to have it restored to the trial calendar after proper notice upon the failure of other party to comply with the stated terms and conditions. [2] Such a stipulation of terms for *110 what amounts to a continuance would not amount to a "written separation agreement" within the terms of said section 71(a)(2). Harry L. Clark, 40 T.C. 57. Even if it would be thought to qualify as a "written separation agreement" within the doctrine of cases cited by petitioner to the effect that an open court stipulation amounts to a contract between the litigants, it would not qualify here. The stipulation was made on May 23, 1952 and the said subsection requires an agreement executed after August 16, 1954. We hold petitioner's payments to Molly were not deductible from his income under section 215. Petitioner contends that he is entitled to a dependency exemption for each of his three children for each of the years involved under section 151. In general, this statute provides (in section 151(e)(1)) for an exemption of $600 to be allowed as a deduction in computing taxpayer's taxable income, "for each dependent (as defined in section *111 152) -" and section 152(a) defines the term "dependent" to include the taxpayer's son or daughter "over half of whose support, for the calendar year * * * was received from the taxpayer * * *." It was petitioner's burden to establish not only what amounts he contributed toward the children's support, but he must also show in some way that it exceeded one-half of their total support. James H. Fitzner, 31 T.C. 1252; Aaron F. Vance, 36 T.C. 547, 549 (1961); see also Bernard C. Rivers, 33 T.C. 935 (1960). The parties have stipulated that petitioner paid $2,600 each year to Molly for the support of her and the three children. Petitioner would apportion the $2,600 equally among the four. This means petitioner contributed $650 annually for the support of each child. In addition, petitioner claimed that he spent in excess of $1,000 a year for the support of the three children. However, his testimony was somewhat vague and was disputed by Molly. Moreover, his eldest daughter, Eleanor, was away at school for six months in 1957. We have allowed petitioner the benefit of a part of said claimed additional expenditures. Russell W. Boettinger, 31 T.C. 477. *112 The only evidence designed to show the total cost of the support of the children is the itemized expenditure list furnished by Molly for each of the years, and introduced in evidence by petitioner. She also testified with respect to the items on the lists (some of which were clearly estimates) and some she had omitted. No useful purpose would be served by reviewing the evidence in detail. Upon the record presented, we have found that petitioner is entitled to dependency exemptions for the two younger children in 1957, but not for any of the children in 1958. Decision will be entered under Rule 50. Footnotes
*. This case was heard by Judge Clarence V. Opper and briefs were duly filed. Upon his death on June 19, 1964, the case, not having been disposed of, was reassigned to Judge John E. Mulroney and notice was given to the parties that any request for rehearing or reargument might be presented to him within 30 days. No such requests have been received.↩
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. Quintana v. American Export Lines, Inc., 107 N.Y.S. 2d 714↩, is a case where the opinion takes cognizance of the practice of the court's marking a case off the General Calendar and placing it on the deferred calendar.