BERNARD C. RIVERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68328. Filed February 19, 1960.

*Joseph Steller, Esq.*, and *Franklin J. Kirgues, Esq.*, for the petitioner.

*William J. Wise, Esq.*, for the respondent.

WITHEY, *Judge:* A deficiency in the income tax of the petitioner for 1954 has been determined by the respondent in the amount of $264.

The only issue before us is whether the respondent has erred in disallowing the dependency exemptions taken by the petitioner in his income tax return for the taxable year 1954 with respect to his two minor children, Marilyn Rivers and Bernard Rivers, Jr.

#### FINDINGS OF FACT.

Such facts as have been stipulated are found accordingly.

Petitioner is an individual, residing in Milwaukee, Wisconsin, who filed his Federal income tax return for the year 1954 with the district director of internal revenue for the district of Wisconsin.

During the year 1954 petitioner was divorced and lived apart from his wife. During the married life of petitioner and his wife two children were born to them, Marilyn Rivers who was 16 years old during the year 1954 and Bernard Rivers, Jr., who was 14 years old during that year. Subsequent to the divorce and during all of the

year at issue, the children lived with their mother, Mary Rivers, in Milwaukee, the three individuals constituting the entire household of the mother. Mary was employed at a restaurant where she worked each night from 11 p.m. to 8 a.m. and Walgreen's Commissary where she worked in the morning upon the books of that establishment. During the year at issue petitioner paid Mary the sum of $600 as alimony pursuant to a court order and the sum of $420 for each of the children for their support also in pursuance of an order of a court.

There is no dispute between the parties and we find that Mary Rivers expended in rent and utilities for the home of herself and the children the sum of $1,051.49 during 1954. She expended $25 per week for food or a total of $1,300 for the year at issue for herself and the two children. Although three meals per day were prepared at Mary's home, she upon occasion took only the evening meal there and Marilyn upon occasion also took only one meal at the home of Mary. Bernard, Jr., had three meals per day at home but upon occasion took other meals with his father at a restaurant, as did Marilyn. Miscellaneous household expenses for the year 1954 expended by Mary amounted to $72; repair expense for household appliances, $19.05; $191 for tuition for Marilyn at a parochial high school; $50 for tuition for Bernard, Jr., at a parochial high school; $22.25 for a school uniform for Marilyn; $16 for her dental bills; and $16.40 for the schoolbooks of both children during the year at issue. Mary expended $30 in rental fees for a musical instrument for Bernard, Jr., during that year, $111 for clothing for Marilyn, $84 for clothing for Bernard, Jr., and a weekly allowance for Bernard, Jr., of $1 per week or a total of $52 for that year. During the year Marilyn worked for the Walgreen Company and there earned $373.80, the total of which she expended for her own support. Both children were given additional expense moneys by Mary during the year at issue in an amount not shown by the record. Additional expenses incurred by Mary, the amount of which is not established by the record, were:

Medical bills for Marilyn.
Medical bills for Bernard, Jr.
Dental bills for Bernard, Jr.
Schoolbooks for Marilyn.
Schoolbooks for Bernard, Jr.
Miscellaneous items for Marilyn and Bernard, Jr.
Entertainment for Marilyn and Bernard, Jr.

In addition to payments made by petitioner pursuant to the court orders above mentioned, he expended certain sums regularly for food obtained by the children from a restaurant. During the first half of 1954 Marilyn visited the restaurant for at least one meal per day

3 days of the week and in addition would visit the restaurant for snacks between meals and generally the same was true with respect to Bernard, Jr. During the latter half of the year 1954 the children visited the restaurant for the same purpose at least 5 days per week and upon occasions 6 days per week. Based upon the entire year, we find that the petitioner expended for each child the sum of $7.50 per week for food so furnished each of them. In addition thereto, petitioner expended $50 for clothes and shoes for Marilyn, $72 for her doctor bill, and cash advances of $50 during the year 1954. He expended for Bernard, Jr.'s clothes and shoes the sum of $50, cash advances, $50, doctor bill, $5, and tennis racket and ball, $6.54, during the year at issue.

Petitioner expended the total sum of $982 for the support of Marilyn Rivers during the year 1954 and the total sum of $921.54 for the support of Bernard Rivers, Jr., during that year. Mary Rivers expended a total sum for the support of the two children of the parties which cannot be determined from this record.

OPINION.

In his 1954 income tax return the petitioner has listed each of the two children of the parties as a dependent and has deducted from gross income as a dependency exemption the sum of $600 with respect to each of them. Respondent's sole contention here is that petitioner is not entitled to either dependency exemption for the reason that he has not demonstrated that he has expended during the year at issue more than 50 per cent of the total cost for the support of each of said children.

Petitioner concedes on brief that with respect to certain categories of expense on the part of Mary Rivers properly attributable to the support of the children of the parties, the record does not disclose the amounts expended by her in that year but contends, nevertheless, under *Cohan* v. *Commissioner*, 39 F. 2d 540, it is required that this Court conjecture as to those expenses and, having done so, add them to the amounts shown by the record as expended by her and arrive at a total which he contends will be less than 50 per cent of the total amount expended by both him and Mary for the support of the children during the year at issue. We are not at liberty to do as petitioner contends. The burden is upon him to establish clearly his right to the dependency exemptions. No factor relating to his right to such exemptions is here disputed except the crucial factor which is the total amount expended from all sources for the support of Marilyn and Bernard, Jr., during the year. In the *Cohan* case there was no dispute concerning the taxpayer's right to take the expense deduction there sought. The only issue was with respect to

the amount of that deduction, the court having determined that expenses had in fact been incurred by the taxpayer. Here, the right to the exemption is itself at issue. The right to the exemption is contingent upon the total amount of expenditure for the support of the children here involved. *Cohan* does not authorize or require a conjecture by this Court as to that total amount. In that respect petitioner has failed in his proof.

Petitioner also contends that in determining the total amount of support furnished to Marilyn we are not to take into consideration amounts earned by her and expended in her own behalf for the reason that those expenditures were not for necessities. Such expenditures are in the same category as amounts claimed by the petitioner as having been spent for Marilyn's support, such as ice cream and pie and a total of $50 a year for spending money advanced to her. Such items do constitute amounts spent for her support and must be considered in determining the total of such support. Petitioner also contends that the Court is to disregard the tuition expended by Mary with respect to each child because of his attendance at parochial school. Petitioner's position is that public schools were available to the children wherein no tuition was required and that therefore the tuition paid by Mary was not for the necessities of life and therefore not to be considered in determining the total cost of their support. We have had occasion in *Martha J. Blyth*, 21 T.C. 275, to consider this point. We there found that tuition paid for the attendance of a child at a private school was expended in the support of the child. On the strength of that case we hold here that the tuition expenses incurred and paid by Mary with respect to the attendance of the children at parochial schools are also to be considered as having been spent for their support.

*Decision will be entered for the respondent.*