James R. Dunning and Corris S. Dunning v. Commissioner.
Dunning v. Commissioner
Docket No. 1640-62.
United States Tax Court
T.C. Memo 1963-135; 1963 Tax Ct. Memo LEXIS 209; 22 T.C.M. (CCH) 648; T.C.M. (RIA) 63135; May 17, 1963
James R. Dunning, pro se, 2307 Canton Ave., Norfolk, Va. Douglas O. Tice, Jr., Esq., for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1960 in the amount of $117.30. Petitioners, in their petition, claim an overpayment in the amount of $132.36. The only issue for decision is whether petitioners are entitled to a dependency exemption for the calendar year 1960 for James R. Dunning's son. Findings of Fact Some of the facts have been stipulated and are found accordingly. James R. Dunning and Corris S. Dunning, husband and wife residing in Norfolk, Virginia, filed a joint Federal income tax return for the calendar year 1960 with the district director of internal revenue at Richmond, Virginia. On the *210 return they claimed a $600 exemption for Frederick Elwood Dunning (hereinafter referred to as Frederick). Frederick is the son of James R. Dunning (hereinafter referred to as petitioner) by a prior marriage. Frederick's mother is Lillian B. Dunning. Frederick ordinarily resides with his mother in South Norfolk, Virginia. From September 1959 until June 1960, Frederick was a full-time student at the University of Richmond at Richmond, Virginia, and during this time resided in Richmond. Frederick was 19 years old in 1960 and was employed for some part of that year. During the year 1960, petitioner paid $15 a week, making a total of $780 for the year, for the support of Frederick. Petitioner's payments were made pursuant to a decree of the Circuit Court of Norfolk County, Virginia dated January 4, 1952, by which petitioner was divorced from Lillian B. Dunning. Respondent in his notice of deficiency disallowed petitioner's claimed exemption for Frederick with the explanation that petitioner had not established that he furnished over one-half of Frederick's total support for the year 1960. Opinion Petitioner apparently takes the position that since he was required to pay $15 a week *211 for Frederick's support pursuant to the order of the Circuit Court in connection with his divorce from Lillian B. Dunning, and since "under the law" the father must pay the full support of a child when parents are divorced, his payments totaling $780 for the support of Frederick constituted Frederick's full legal support, irrespective of what other funds Frederick may have spent. The final paragraph of the allegations in the petition sum up petitioner's position as follows: Whatever Frederick Elwood Dunning used of his own funds or received from his mother or others was not for his support, for the support was the responsibility of James R. Dunning, by court order, and James R. Dunning met that responsibility. And having done so is entitled to to have him as a dependent on his Federal Income Tax returns. His right to him as a dependent is not made void by his using his own funds for whatever purpose he saw fit. Neither is it made void by his mother or others contributing to him, if they did contribute, be it more or less than fifty per cent of what James R. Dunning paid for his support. The substance of petitioner's testimony at the trial of this case was that he actually did not *212 know the total amount spent on Frederick's support in the year 1960. He did not see how the amount could exceed twice the sum of $780 which he furnished, although he knew nothing about the cost of Frederick's attending Richmond University from January through June of 1960, nor what other amounts might have been spent in that year on Frederick's support. He did not know where Frederick lived in Richmond while attending Richmond University and assumed that for the 6 months of the year 1960 that Frederick was not in attendance at Richmond University, he lived with his mother. Petitioner, from his statements at the trial, was apparently under the impression that he was entitled as a matter of law to an exemption for Frederick since Frederick was a full-time student for more than 5 months during the year 1960. Section 151(e)(1) of the Internal Revenue Code of 1954 permits a $600 exemption for a child who is a student even though the child's gross income is over $600 if that child is a dependent as defined in section 152 of the Internal Revenue Code of 1954. Section 152 defines a dependent as an individual in one of the categories listed therein *213 (one of which is a son), over half of whose support was received from the taxpayer claiming the exemption. Since a taxpayer must show that he contributed over one-half of the support of the claimed dependent, it is necessary that he prove the total amount required for the support of the dependent. Bernard C. Rivers, 33 T.C. 935 (1960). Petitioner in the instant case has produced no evidence of the total amount expended for Frederick's support in the year 1960, and has, therefore, failed to show that his payment of $780 constituted over one-half of Frederick's support in that year. Decision will be entered for respondent.