William H. Marshall and Dorothy P. Marshall v. Commissioner.
Marshall v. Commissioner
Docket No. 2339-63.
United States Tax Court
T.C. Memo 1964-222; 1964 Tax Ct. Memo LEXIS 116; 23 T.C.M. (CCH) 1349; T.C.M. (RIA) 64222; August 21, 1964
*116 Held: Since the petitioner did not provide over one-half of his father's support, he is not entitled to a dependency exemption for his father under section 151(e)(1)(A) of the 1954 Code. William H. Marshall, pro se, 6123 Tulip Lane, Dallas, Tex. Sidney B. Williams, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: The respondent determined a deficiency in petitioners' income tax for the calendar year 1961 of $120. The sole issue for decision is whether the petitioners provided over one-half the support of petitioner William H. Marshall's father for the year 1961. Findings of Fact Petitioners William H. and Dorothy P. Marshall are husband and wife residing in Dallas, Texas. They filed their joint income *117 tax return for the calendar year 1961 with the district director of internal revenue, Dallas, Texas. Dorothy P. Marshall is joined in this action solely as a signer of the joint return, and hereinafter William H. Marshall will be referred to as the petitioner. In his 1961 income tax return, petitioner claimed a dependency exemption for his father, Robert Lyle Marshall. His father lived in the Renfro Rest Home in Ferris, Texas, during the calendar year 1961. Petitioner did not make any payments to the Renfro Rest Home during the year 1961. However, unlike the rest of his family, he did not believe that his father should be committed to the rest home. Consequently, he assumed the burden of furnishing his father's entire support away from the rest home in Ferris. His father would come to Dallas several times a week and petitioner provided for his bus transportation, his meals, spending money, toiletries, and some of his clothes. He also repaid three small loans which his father had received from people in Dallas. He repaid these loans with cash payments of $2 or $3 at a time. Petitioner's father received $54 per month in Social Security payments. The expense of the rest home was not *118 shown. However, prior to the year 1961 the rest home charged $115 a month. We find that at most petitioner contributed approximately $1,100 or $1,200 to the support of his father during the calendar year 1961. Opinion In order to be entitled to a dependency exemption, section 152(a) of the 1954 Code provides that the taxpayer must furnish over one-half of the support of the claimed dependent. The burden of proof is upon the petitioner to establish the total amount of support provided for the dependent during the year as well as to show that he furnished over one-half of such support. Bernard C. Rivers, 33 T.C. 935 (1960). We realize that the burden faced by petitioner is difficult for him to meet, but we must decide this case on the basis of the record before us. Here the petitioner has failed to establish the total amount of his father's support for the year 1961. The only evidence offered consisted of unsupported and rather vague statements by the petitioner. Even looking most favorably at these statements it is impossible to determine from the evidence presented the total amount expended for the support of petitioner's father during the year in question. If *119 we assume that the expense of the rest home was $115 a month as it was in prior years, this amounts to an annual cost of $1,380. Standing alone this expense exceeds the amount petitioner expended for his father's support in 1961. Petitioner's father also received $648 per year in Social Security payments. This amount should also be included in computing the father's total support for the year. Income Tax Regs., section 1.152-1(a)(2)(ii). Petitioner argues that these Social Security payments were turned over to the rest home and, therefore, should be included in the total rest home expense. However, there was no testimony or evidence to this effect, and the record does not show what disposition was made of these monthly payments. Since neither the payments to the rest home nor the Social Security payments were provided by petitioner, it is clear that he did not provide over one-half of his father's support. We find that petitioner has failed to meet his burden of proof either to establish the total amount of the claimed dependent's support or that he furnished over one-half thereof in the year in question. Petitioner is, therefore, not entitled to a dependency *120 exemption for his father, Robert Lyle Marshall, under section 151(e)(1)(A) of the 1954 Code for the calendar year 1961, and the respondent's determination must be sustained. Decision will be entered for the respondent.