Frank M. and Mary K. Glantz v. Commissioner.
Glantz v. Commissioner
Docket No. 5355-63.
United States Tax Court
T.C. Memo 1965-105; 1965 Tax Ct. Memo LEXIS 224; 24 T.C.M. (CCH) 568; T.C.M. (RIA) 65105; April 20, 1965
Frank M. Glantz, pro se. John C. Galluzzo, Jr., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioners' 1959 income tax in the amount of $312. Frank M. and Mary K. Glantz are husband and wife and they live in Ayer, Massachusetts. They filed their joint income tax return for 1959 with the district director of internal revenue, Boston, Massachusetts. In this return they claimed a dependency exemption for Sharon and Frank James Glantz, ages 13 and 11, respectively, in 1959, who are the children of Frank and his former wife Betty. When Frank and Betty were divorced in 1955 the custody of the children was awarded to Betty, and Frank was ordered to pay $60 a month for the support *225 of each child. It is admitted Frank contributed $60 a month for the support of each child in 1959, or a total of $1,440. He testified with respect to probable gifts to the children that might increase his contribution for each child by about a hundred dollars. However, we have no way of knowing whether his contribution is one-half of the total expended for the support of the two children. Frank testified that after the divorce, Betty married a man named Levine and moved to Seattle, Washington. Another child was born of this marriage and Betty lived with Levine until March or April of 1959 when she was divorced from Levine. Petitioner testified he had no information as to the amount Betty or Levine spent for the support of his children during 1959 but it just did not appear to him "to be reasonable" that they spent more than he did. He argues it would have been impracticable from a "financial viewpoint" to bring Mrs. Levine back to Boston when the tax involved was $312only. It is stipulated that in Betty's individual income tax return for 1959 (where she reported wages less withholding in the sum of $3,476.18), she claimed dependency exemption for Sharon and Frank James. It is *226 understandable that petitioner's task of establishing the total amount his former wife, and possibly Levine, contributed to the support of the children would be difficult. But this cannot relieve petitioner of his burden. Bernard C. Rivers 33 T.C. 935. If we knew the total amount that was available for the support of Betty's family group in the year 1959 we might, by a process of allocating sums to individual support, be able to make a finding as to whether petitioner's contribution was over half of the total sum expended for Frank James and Sharon. But the total amount available for expenditure by Betty on her own behalf and that of her three children for the year 1959 just cannot be determined from this record. We know she received wages and the amount thereof and it is admitted she and the children lived with Levine for part of the year and received some money from him after they separated. But how much she received and the total available for the children's support cannot be determined from this record. The right to the exemption under section 151(e) of the Internal Revenue Code of 1954 is contingent upon Frank having contributed over half *227 of the total sum expended for the support of the children. This means he has the burden of producing evidence which will enable the Court to find with reasonable certainty the total sum expended for the support of his two children. Petitioner practically admits the lack of such evidence here. He has failed to sustain his burden of proof. Decision will be entered for the respondent.