Norman L. Humiston v. Commissioner.
Humiston v. Commissioner
Docket No. 2133-64.
United States Tax Court
T.C. Memo 1966-24; 1966 Tax Ct. Memo LEXIS 255; 25 T.C.M. (CCH) 122; T.C.M. (RIA) 66024; January 28, 1966
*255 Norman L. Humiston, pro se, 12813 Oak Knoll Rd., Poway, Calif. Richard L. Fishman, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined deficiencies in petitioner's income tax for the years 1960 and 1961 [1] in the amounts of $601 and $480, respectively. The only issue for decision is whether petitioner is entitled to claim his four children as dependents during the two years involved herein. Findings of Fact Some of the facts have been stipulated, are so found, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner resides in Poway, California. He filed his 1960 individual income tax return with the district director of internal revenue for the District of Los Angeles, California. Petitioner filed a joint income tax return for the year 1961 with the district director of internal revenue for the District of Los *256 Angeles, California. In August 1959 a final decree of divorce was entered into between petitioner and Stella I. Humiston (hereinafter referred to as Stella). There were four children of this marriage born in 1946, 1947, 1953, and 1955. Pursuant to the final decree of divorce, Stella was given title to and possession of the house and custody of the four minor children. In addition, petitioner was required to pay $40 per month per child for their support and $40 per month alimony to Stella, the latter to be paid until Stella remarried. During 1960 and 1961, petitioner paid $1,920 in each year for the support of the four children pursuant to the divorce decree. In addition, petitioner spent $270 for the support of his four children in 1960 for such items as groceries and gifts. Petitioner paid $400 to Stella in 1960 as alimony. In October 1960 Stella married Paul Jacobs. During 1960 Stella worked part-time as a car hop in a drive-in restaurant. Her income from this source as well as from other sources was not in excess of $2,000. In March 1960 Stella filed a report for aid to needy children. Throughout the years in issue the four children lived with Stella. For most of 1960 they *257 lived in the house deeded to Stella by virtue of the divorce decree. Petitioner during each of the years 1960 and 1961 pursuant to the divorce decree paid $480 on the second mortgage on this house. Petitioner also paid $384 in each of the years 1960 and 1961 as premiums on certain life insurance policies he was required to maintain pursuant to the divorce decree. Petitioner on his individual return for 1960 and on his joint return for 1961 claimed his four children as dependents. Stella filed a joint return with Paul Jacobs in 1960 and 1961. Stella and Paul Jacobs also claimed the four children as dependents on their returns. Petitioner furnished more than one-half the support of his four children in 1960. Petitioner did not furnish more than one-half of the support of his four children in 1961. Opinion Petitioner is entitled to a dependency exemption for his four children if he can establish that he has contributed over one-half of their support during the taxable years. Bernard C. Rivers, 33 T.C. 935 (1960). Under the facts of this case, we hold that petitioner did furnish over 50 percent of the support of his children in 1960 but not in 1961. Petitioner was *258 able to establish that he contributed in 1960 toward the support of his four children in excess of $2,500. The evidence of record clearly establishes that Stella could not have contributed in excess of this amount and still have any funds available for her own support. Accordingly, we hold for petitioner as to the year 1960. Regarding 1961, petitioner has failed to introduce sufficient evidence regarding the total support needed to care for his four children. In the absence of such evidence, we cannot determine whether the amount contributed by petitioner was more than 50 percent of the total support. Accordingly, we hold for respondent as to the year 1961. Decision will be entered under Rule 50. Footnotes
1. The statutory notice of deficiency sent by the Commissioner for the year 1961 was addressed to Norman L. Humiston and Indella Humiston, husband and wife. However, only Norman L. Humiston filed a petition with this Court.↩