Buford E. Alexander v. Commissioner.
Alexander v. Commissioner
Docket No. 5724-66.
United States Tax Court
T.C. Memo 1968-81; 1968 Tax Ct. Memo LEXIS 217; 27 T.C.M. (CCH) 396; T.C.M. (RIA) 68081; May 6, 1968. Filed Hubert H. Finzel, 128 C St. N.E., Washington, D.C., for the petitioner. William Morris, for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined a deficiency in the income tax liability of petitioner for the year 1964 in the amount of $233.00 arising, as petitioner alleges in his petition, from "disallowance of the claim of two exemptions for support of two minor children." The parties have filed herein a stipulation of facts and we find the facts to be as stipulated. We incorporate herein by this reference the stipulation and the exhibits attached thereto. The petitioner is an individual who presently resides at, and who at the time of the filing of the petition in this case resided at, 7910 Longbranch Park, Takoma Park, Maryland 20012. Petitioner, Buford E. Alexander, *218 filed his 1964 individual federal income tax return with the district director of internal revenue, Baltimore, Maryland. In his petition he claimed exemptions on account of his two minor sons, Boyd Nelson Alexander and Kenneth James Alexander, born January 16, 1959, and January 16, 1960, respectively. Under the terms of a final decree of divorce, entered the 14th of August, 1961, custody of these two boys was awarded to petitioner's former wife, Lila Alexander, and petitioner was ordered to pay $60.00 per month for the support of each of these minor children. During the entire calendar year 1964, both of these boys resided with their mother, the former Mrs. Alexander. In May of 1964, Mrs. Alexander was married to Mr. John E. Raabe and she and her two sons have resided with Mr. Raabe ever since. During the year 1964, petitioner, Buford E. Alexander, was a member of the armed forces. In that year, the only contributions from him for the support of his two minor sons were made through a monthly allotment from his military pay sent directly to his former wife. These monthly allotments were in the amount of $123.10. On January 6, 1967, petitioner's attorney wrote the following letter *219 to petitioner's former wife: This is to advise that I represent Mr. Buford E. Alexander and that there is presently pending in the Tax Court of the United States, Washington, D.C., case entitled Buford E. Alexander, Docket No. 5724-66 contesting the dependency exemptions claimed by you for the year 1964 for the two minor sons living with you, while their father was in the military service stationed at Fort Bragg, N.C.
In order to expedite the case and avoid needless expense for all concerned there is certain necessary information to which we are entitled under the rules of the Court and would be obtained by having you subpoened as a witness. It is therefore requested that you furnish for the year 1964 a statement giving a month by month breakdown of the total amounts expended by you for the boys [sic] support, such as food, rent, clothing, etc. The statement or list should also be attested to before a Notary Public. I would also appreciate knowing the date of your marriage to Mr. John Raabe and when you moved the dependent sons into your present home. 397 An early response will be appreciated. Under date of January 11, 1967, attorneys purporting to be representing *220 petitioner's former wife wrote the following letter to petitioner's attorney: We represent Mrs. John Raabe of Seattle, to whom you directed a letter dated January 6, 1967, concerning the tax court case of Mr. Buford E. Alexander. Please be advised that the entire matter of any liability of Mrs. Raabe for the tax year 1964 has been completely and finally settled with the Internal Revenue Service, and I have before me the documentary evidence in proof thereof. If you or anybody else wishes to subpoena Mrs. Raabe, please be advised that you are more than welcome to do so. Please govern yourself accordingly. The only testimony adduced by petitioner at the trial herein consisted of the two letters set forth above. As petitioner states in his brief: "The issue raised by respondent was whether the petitioner had furnished in excess of 50 percent of each of his two sons' total support for the taxable year 1964." Since petitioner has the burden of proving that respondent erred in his determination of deficiency and since no evidence has been introduced herein as to "the entire amount of support which [petitioner's two minor sons] received from all sources" (section 1.152-1(a)(2)(i), Income Tax Regs. *221 ), we must conclude that petitioner has not succeeded in proving error in respondent's determination. Bernard C. Rivers, 33 T.C. 935. Accordingly, Decision will be entered for the respondent.