Jane K. Davenport v. Commissioner. Eugene T. and Elizabeth M. Davenport v. Commissioner.
Davenport v. Commissioner
Docket Nos. 6376-69 SC, 1470-70 SC.
United States Tax Court
T.C. Memo 1970-233; 1970 Tax Ct. Memo LEXIS 127; 29 T.C.M. (CCH) 1000; T.C.M. (RIA) 70233; August 13, 1970, Filed Jane K. Davenport, pro se, 119 Park Ave., St. Louis, Mo., in docket No. 6376-69 SC. Eugene T. Davenport, pro se, 6648 Mardel Ave., St. Louis, Mo., in docket No. 1470-70 SC. Ted M. Riseling, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: The Commissioner determined a deficiency in the income tax of Jane K. Davenport for the calendar year 1966 in the amount of $171.08, and determined a deficiency in the income tax of Eugene T. and Elizabeth M. Davenport [1] for the same year in the amount of $151. The basis for the determination *128 of each of these deficiencies was the disallowance of the claimed dependency exemption for Ellen, the only daughter of Jane K. and Eugene T. Davenport. In addition, the Commissioner determined that since petitioner Jane K. Davenport was only entitled to a dependency deduction for one of her two children, instead of both, the maximum child care expense deduction allowable to her was $600. The issues for decision are: Docket Numbers 6376-69 SC and 1470-70 SC Whether Jane K. Davenport or Eugene T. Davenport is entitled to the dependency deduction for their daughter, Ellen, in the year 1966. Docket Number 6376-69 SC Additionally, whether Jane K. Davenport is entitled to a deduction for child care expenses for her daughter, Ellen, for the year at issue. Findings of Fact The parties stipulated some of the facts and they, together with the exhibits attached thereto, are incorporated herein by reference. Petitioner Jane K. Davenport (hereinafter Jane) resided in St. Louis, Mo., at the time of the filing of the petition in this *129 case. She filed a timely Federal income tax return for the taxable year 1966 with the district director of internal revenue, St. Louis, Mo. Petitioners Eugene T. (hereinafter Eugene) and Elizabeth M. Davenport, husband and wife, resided in St. Louis, Mo., at the time they filed the petition herein. They filed a timely joint Federal income tax return for the year 1966 with the district director of internal revenue, St. Louis, Mo.
Jane and Eugene were formerly married and they have two children from such marriage, Ellen and Christopher. Ellen, whose support is at issue, was born on July 12, 1959. In September 1962, Jane and Eugene were divorced by decree of the Circuit Court, City of St. Louis, which decree provided, inter alia, that Jane have custody of the children and that Eugene pay $20 per week for the support of each of his two children, and $20 per week to Jane as alimony. On March 20, 1964, the divorce decree was modified with respect to Eugene's right of visitation of the children. During the year at issue, Ellen spent a total of 12 days with her father. During the year 1966, Eugene, whose gross income combined with his wife's totaled $16,981.94 in that year, contributed *130 $1,123.16 toward the support of his daughter, Ellen. Ellen received the remainder of her support from her mother whose gross income was $9,453.30 in the year at issue. The total support provided to Ellen during 1966 consisted of the following items: 1001 Item
Amount
Lodging
$ 555.00
Food
510.00
Child Care
565.00
Clothing
167.86
Medical
133.94
Education
271.95
Utilities
105.00
Entertainment
75.00
Gifts
125.00
Miscellaneous 50.00
Total
$2,558.75
Opinion Petitioners Jane and Eugene each claim the right to a dependency exemption deduction for their daughter, Ellen, in 1966. Jane also contends that she is entitled to a child care expense deduction under section 214 of the Internal Revenue Code of 1954[2] in the amount of $900. Since it is agreed that the resolution of the dependency issue is determinative of the amount allowable to Jane as a child care expense deduction, we shall address ourselves first to that issue. Sections 151 and 152 [3] set forth the test applicable in this type of case: a taxpayer *131 must provide over one-half of the total support of a dependent in order to qualify for the personal exemption deduction. *132 Each petitioner has the burden of proving that he has met the support test requirements, and, in order to sustain his burden, he must necessarily establish the total support of Ellen in 1966. Robert I. Brown, 48 T.C. 42 (1967); Aaron F. Vance, 36 T.C. 547 (1961); Bernard C. Rivers, 33 T.C. 935 (1960). We note at the outset that we were very impressed with the detailed records which petitioner Jane presented for our examination. She was quite thorough in her record keeping, and extremely helpful and candid in her testimony. Eugene, although operating under a disadvantage in not being able to estimate accurately the total support of his daughter, Ellen, was also forthright during the trial. It was through the cooperation and preparation of both petitioners that we were able to arrive at the amount of total support provided to Ellen in 1966. While it is true that Eugene pointed out certain discrepancies between the total support of Ellen claimed by Jane on her 1966 tax return and at trial, Jane explained these discrepancies to our satisfaction at trial. We have determined that the total support of Ellen in 1966 was $2,558.75. Of this total, *133 Eugene contributed $1,123.16 and Jane contributed the remainder. It is clear, therefore, and we hold, that Jane provided over one-half of Ellen's support during the year at issue and is entitled to a dependency exemption deduction for her. Having found for petitioner Jane on the dependency issue, we hold that she is entitled to deduct $900 in child support expenses in 1966 since she had two dependents in that year, rather than only one. Section 214(b)(1)(B). [4]
Decision will be entered for *134 the petitioner in Docket No. 6376-69 SC. Decision will be entered for the respondent in Docket No. 1470-70 SC. 1002
Footnotes
1. Elizabeth M. Davenport is a petitioner solely by virtue of her having filed a joint return for 1966 with her husband, Eugene T. Davenport.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins * * *. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, We note that section 152(e) does not apply to this case since that section is applicable only to taxable years after December 31, 1966.↩
4. SEC. 214. EXPENSES FOR CARE OF CERTAIN DEPENDENTS. dependents./ (a) General Rule. - There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or widower, or is a husband whose wife is incapacitated or is institutionalized, for the care of one or more dependents (as defined in subsection (d)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed. (b) Limitations. - (1) Dollar limit. - * * * (B) The $600 limit of subparagraph (A) shall be increased (to an amount not above $900) by the amount of expenses incurred by the taxpayer for any period during which the taxpayer had 2 or more dependents.↩