Hollie M. Conaway v. Commissioner.
Conaway v. Commissioner
Docket No. 4746-66.
United States Tax Court
T.C. Memo 1971-151; 1971 Tax Ct. Memo LEXIS 179; 30 T.C.M. (CCH) 657; T.C.M. (RIA) 71151; June 24, 1971, Filed Lawrence A. Runnels, for the petitioner. Tom G. Parrott, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: The Commissioner determined a deficiency in the amount of $197.44 in petitioner's income tax for the taxable year 1964. Certain issues having been conceded, the only question for our decision is whether petitioner is entitled to a dependency exemption deduction in 1964 for his daughter, Judith M. Conaway. Findings of Fact Hollie M. Conaway (hereinafter petitioner), who was residing in St. Louis, Mo., at the time the petition herein was filed, timely filed an income tax return for 1964 with the district director of internal revenue, St. Louis, Mo. Petitioner was married to Bernice Conaway until October 1, 1964, the date that the Circuit Court of Crawford *180 County, Mo., granted her a final decree of divorce. Petitioner and Bernice had six children. Petitioner claimed in his petition that he is entitled to a dependency exemption deduction for his daughter, Judith M. Conaway (hereinafter Judy). [1]
From January 1, 1964, until sometime in June of that year, Judy, who was seventeen years old then, lived with her mother and her brother, Cleo, in a house owned by Bernice's brother and located in Cherryville, Mo. The house, which had a fair rental value of approximately five to ten dollars a month, was provided rent-free although petitioner and his brother-in-law had an understanding whereby petitioner would make repairs to the house when necessary. Bernice's brother paid the property taxes thereon. Judy graduated from Cherryville High School sometime in May 1964 and, within one or two weeks thereafter, she moved to St. Louis where she resided with her sister, Janice Major (hereinafter Janice), throughout the remainder of that year. The living quarters which Judy shared with Janice, her husband, and their two children consisted of a three-room flat *181 at which they rented for approximately $45 to $48 per month. The gas and electric bills on this flat approximated $20 to $30 per month. Janice spent about $30 a week for food during the period that Judy lived with her. Commencing sometime in June or July 1964, Judy was employed by a White Castle restaurant in St. Louis. She filed an individual income tax return for that year on which she reported gross income of $1,598.85. Her Federal income tax, as computed therein, was $111. She also paid state and city income taxes and social security taxes in 1964 totaling $83.85. Although petitioner maintained a residence in St. Louis where he was employed during the year at issue, he sometimes visited Bernice and the two children in Cherryville. During the first five months of 1964, the only source of funds available to Bernice, Judy, and Cleo was cash which petitioner provided. He gave them approximately $30 to $40 each week from which they purchased groceries and other household items. The telephone bill averaged $5 per month, and the electricity charges ranged from $7 to $10 a month. Although Judy moved in with Janice sometime in early June 1964, she did not pay her anything for board *182 and lodging until August 1, 1964, at which time she began paying her $10 per week. By the end of 1964, Judy had paid a total of $220 to Janice for room and board. While in the employ of the White Castle in 1964, Judy received meals worth $46.55 in return for services rendered by her. Judy expended the following amounts on herself during 1964: 658 Item
Amount
Life Insurance
$ 8.68
Radio
12.50
Cigarettes
96.42
Dishes
40.00
Shoes, Stockings
25.00
Cosmetics
60.00
Clothing
150.00
Transportation 171.30
Total
$563.90
In addition to the food, utilities, and household expenses incurred in Cherryville which petitioner paid for, he also provided Judy with the following: Item
Amount
Clothing
$ 10
Education
219
Cosmetics
30
Spending Money
60
The following table summarizes the amounts and categories of expenditures made during 1964 toward the support of Judy: Item
Amount
Food and Lodging
$ 655.00
Clothing
160.00
Dry Cleaning and Laundry
130.00
Transportation
171.30
Personal Care, (Cosmetics, Hair- cuts, etc.)
170.00
Education
219.00
Miscellaneous (Gifts, Entertain- ment, etc.) 280.00
Total Support
$1,785.30
*183 Opinion In order to be entitled to claim Judy as a dependent, petitioner must prove that he provided over one-half of her total support in 1964. Sections 151 and 152 of the Internal Revenue Code of 1954. This burden necessarily entails that petitioner establish Judy's total support in that year. Robert I. Brown, 48 T.C. 42 (1967); Aaron F. Vance, 36 T.C. 547 (1961); and Bernard C. Rivers, 33 T.C. 935 (1960). We have found as a fact that Judy's total support in 1964 was $1,785.30. Therefore, petitioner must establish that he provided at least $892.66 toward her support. This he has failed to do. While we were left with the distinct impression at trial that petitioner was a sincere and candid witness, the record herein simply does not support his claim. Bernice, petitioner's former wife, and Judy and Janice, his daughters, all testified in this case. We found their testimony ofttimes evasive and vague, and we are of the opinion that they were not as cooperative in establishing petitioner's case as one might desire. Nevertheless, based on petitioner's own testimony as well as the stipulations of the parties, we can only find that petitioner *184 provided $612 toward Judy's support. While we are sympathetic to petitioner's plight in that he is illiterate and cannot maintain adequate records, we have given him the benefit of the doubt wherever we could and are still constrained to hold that he has not established that he provided over one-half of Judy's support in 1964. Accordingly, he is not entitled to a dependency exemption deduction for her. To reflect the concessions of the parties, Decision will be entered under Rule 50. Footnotes
1. Petitioner did not claim Judy as a dependent on his income tax return for 1964.↩