T.C. Summary Opinion 2007-134


UNITED STATES TAX COURT


CRAIG BRYANT REDDING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21794-05S.              Filed August 2, 2007.


Craig Bryant Redding, pro se.

<u>Peggy J. Gartenbaum</u>, <u>Sheila Olaksen</u>, and <u>Georgia Graham</u>
(specially recognized), for respondent.


GOEKE, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] in effect at the time the petition

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,644 deficiency in petitioner's Federal income tax for the taxable year 2004. The issues for decision are whether, for 2004, petitioner is entitled to (1) dependency exemptions for two of his fiance's daughters; (2) head of household filing status; and (3) an earned income credit (EIC).

## Background

At the time he filed his petition, petitioner resided in the Bronx, New York, with his fiance, Tawana N. Edwards-Jackson (Ms. Jackson), and her four children from a previous marriage. Petitioner and Ms. Jackson have never been married, and petitioner had not, as of the date of trial, adopted any of Ms. Jackson's children.

While living with Ms. Jackson in 2004, petitioner paid 50 percent of the rent for 5 months and 50 percent of the babysitting costs for two of Ms. Jackson's children for 5 months. Petitioner also contributed money for other living expenses, such as food and cable bills, but did not keep records of these payments. In return for petitioner's contributions, Ms. Jackson agreed to release her claim to dependency exemptions for two of her children and allow petitioner to claim the exemptions.

On his 2004 Federal income tax return, petitioner listed Ms. Jackson's apartment as his residence, claimed dependency exemptions and the EIC for two of Ms. Jackson's children, and filed using head of household filing status. In September 2005, respondent issued the notice of deficiency to petitioner with respect to petitioner's claimed dependency exemptions, EIC, and head of household filing status. Petitioner timely petitioned this Court for redetermination.

## Discussion

### I. Dependency Exemption

Section 151 provides an exemption in computing taxable income for each of a taxpayer's dependents. To qualify as a "dependent" under section 152, an individual must receive over one-half of his or her support from the taxpayer for the calendar year in which the applicable tax year begins. Sec. 152(a). It is the taxpayer's burden to establish that he or she furnished over one-half of the support for the individual for whom the taxpayer claims the exemption during the taxable year. Fearing v. Commissioner, 315 F.2d 495, 496 (8th Cir. 1963), affg. T.C. Memo. 1962-148; Rivers v. Commissioner, 33 T.C. 935 (1960). A taxpayer claiming a deduction must substantiate the claim by maintaining records necessary to establish he or she is entitled to the deduction. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Petitioner furnished only one-half of the rent and babysitting costs for a total of 5 months of 2004 and cannot substantiate any further contribution to the children's support. Accordingly, petitioner failed to carry his burden of proving that he provided more than one-half of the support for Ms. Jackson's children for 2004 and is thus ineligible to claim dependency exemptions for them under section 151.

## II. Head of Household Status

For a taxpayer to use head of household filing status, section 2(b) requires him or her to maintain a home as the principal place of abode for his or her unmarried son, stepson, daughter, or stepdaughter, or any other dependent for whom the taxpayer is entitled to a deduction under section 151. Ms. Jackson's children were not petitioner's sons, stepsons, daughters, or stepdaughters during the calendar year 2004. Nor were they petitioner's dependents pursuant to section 151, because petitioner did not furnish over one-half the cost of maintaining the household during that time. Thus, petitioner is not entitled to use head of household filing status for 2004.

## III. Earned Income Credit

Section 32 allows an eligible individual to claim an EIC against his or her income for the taxable year. The amount of the credit is calculated as a percentage of the taxpayer's earned income, adjusted each year for inflation. To be an "eligible

individual" under section 32, a taxpayer must either: (1) Have a qualifying child as defined in section 32(c)(3); or (2) have attained age 25 but not attained age 65, not be claimed as a dependent by another taxpayer within the calendar year, and maintain his or her principal place of abode within the United States for more than one-half of the taxable year. Sec. 32(c)(1)(A)(i) and (ii).

Section 32(c)(3) defines "qualifying child" as, inter alia, one who is below the age of 19, shares his or her principal place of abode with the taxpayer for more than one-half of the taxable year, and satisfies the following relationship test:

(B) Relationship test.--

(i) In general.--An individual bears a relationship to the taxpayer described in this subparagraph if such individual is--

(I) a son, daughter, stepson, or stepdaughter, or a descendant of any such individual,

(II) a brother, sister, stepbrother, or stepsister, or a descendant of any such individual, who the taxpayer cares for as the taxpayers own child, or

(III) an eligible foster child of the taxpayer.

Petitioner's affiliation with Ms. Jackson's children does not satisfy the relationship test under section 32(c)(3)(B). Thus, petitioner is not entitled to claim an EIC for having qualifying children pursuant to section 32(c).

Petitioner may, however, be eligible for an EIC if he attained age 25 but not attained age 65, is not claimed as a dependent by another taxpayer, and maintained his principal place of abode within the United States for more than one-half of the taxable year 2004.  Sec. 32(c)(1)(A)(ii).

For the taxable year 2004, individuals without a qualifying child, whose earned income was below $11,490, were eligible for the EIC.  Rev. Proc. 2003-85, Sec. 3.06(1), 2003-2 C.B. 1184, 1187.  Petitioner's earned income for the taxable year 2004 was $8,878.  The instructions for the 2004 Form 1040, U.S. Individual Income Tax Return, suggest that petitioner qualifies for a portion of that year's EIC as an individual without a qualifying child.

Accordingly, we sustain respondent's determinations with respect to the dependency exemptions and the use of head of household filing status.  However, with regard to the EIC, petitioner may be entitled to claim a portion of the credit as an individual without a qualifying child, whose earned income is less than $11,490.

To reflect the foregoing,

Decision will be entered

under Rule 155.